# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA WATSON, *et. al*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 12-1156 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| SCOTLANDYARD SECURITY ) | |
| SERVICES, LTD., ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

### I.  MEMORANDUM

For the reasons stated below, Plaintiffs' Motions to Dismiss Counts II and IV (Docs. 28, 30) will be granted, and Plaintiffs' Motion to Remand to State Court (Doc. 26) will be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Pamela Watson and John Moon ("Plaintiffs") filed a Complaint (Doc. 1-2) against their employer, Defendant Scotlandyard Security Services, LTD ("Defendant"), in the Court of Common Pleas of Allegheny County on July 3, 2012. Counts I and III of the Complaint alleged violations of the Pennsylvania Human Relations Act, 43 Pa. Con. Stat. § 951 *et seq.*, and Counts II and IV alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

Defendant filed a Notice of Removal (Doc. 1) on August 14, 2012, on the grounds of federal question jurisdiction under 28 U.S.C. § 1331. During the eighteen months since this case has been in federal court, the parties have participated in a Local Rule 16.1 Scheduling Conference. The Court has also overseen one dispositive motion, namely, Defendant's Motion for Summary Judgment (Doc. 13), which the Court denied on October 18, 2013. As of the date

of this Order, discovery is set to end on January 31, 2014, and a Post-Discovery Status/Settlement Conference is scheduled for February 28, 2014.

On January 15, 2014, Plaintiffs filed a Motion to Remand (Doc. 26), and then filed a Stipulation/Motion for Dismissal of Federal Claims (Doc. 28).[1] Together, the motions seek to withdraw Plaintiffs' federal claims (Counts II and IV) and obtain a remand to state court for the adjudication of the remaining state claims. Plaintiffs later filed a Motion to Dismiss (Doc. 30) to clarify that they wished to dismiss these claims with prejudice. Defendant opposes these motions and has filed a Brief in Opposition (Doc. 29), to which Plaintiffs filed a Reply (Doc. 32).

**ANALYSIS**

**A. Motion for Voluntary Dismissal of Plaintiffs' Federal Claims**

Plaintiffs wish to dismiss their federal employment discrimination claims for the purpose of obtaining a remand to state court. While Plaintiffs do not provide specific authority for such dismissal, it appears that Plaintiffs wish to dismiss their federal claims under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[2] Defendant argues that the Court should deny Plaintiffs' Motion for Voluntary Dismissal, and urges that Defendant should be awarded costs and attorney's fees if Plaintiffs are allowed to withdraw their federal claims. Def.'s Br. in Opp. (Doc. 29) at 2.

---

[1] Plaintiffs originally filed the document as a "Stipulation for Dismissal of Federal Claims." However, because Defendant did not stipulate to such dismissal, the Court construed the stipulation as a motion for the same.

[2] Both parties allude to the fact that Plaintiffs' motion is made under Rule 41(a)(2), and both parties have applied Rule 41(a)(2) in their briefs. The Court questions whether a Motion for Leave to Amend under Rule 15(a)(2) would have been the more appropriate procedure at this junction; however, since both parties have proceeded on an understanding that Rule 41(a)(2) applies, the Court will limits its analysis as such.

Rule 41(a)(2) provides that if a Defendant has already filed an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When considering dismissal under Rule 41(a)(2), "it becomes necessary to decide the presence or extent of any prejudice to the defendant." Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974). The Court of Appeals for the Third Circuit has held that "Rule 41 Motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir. 1990) (internal citations omitted).

Here, all of Plaintiffs' claims consist of allegations of employment discrimination, under both federal and state statutes. If Plaintiffs' federal claims are dismissed, Plaintiffs' duplicative state claims will still remain. Therefore, this case will still be a discrimination case, and all of the discovery conducted thus far will be equally applicable to the remaining state claims. Moreover, Plaintiffs have clarified in their Motion (Doc. 30) that they wish to withdraw these federal claims *with prejudice*, so Defendant here does not even bear the risk of a second lawsuit. Since Defendant would not be prejudiced by the dismissal of the federal claims, the Court will permit Plaintiffs to withdraw these claims with prejudice.

The Court recognizes that an award of attorney's fees is "very common as a condition to a voluntary dismissal." Pittsburgh Jaycees v. U.S. Jaycees, 89 F.R.D. 454, 455 (W.D. Pa. 1981). However, the purpose of such an award is "to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination." Citizens Sav. Ass'n v. Franciscus, 120 F.R.D. 22, 25 (M.D. Pa. 1988) (internal citations omitted). Here, the federal claims are being dismissed with prejudice, and therefore, Defendant has already received the benefit of a final determination on these claims. Moreover, as described above, all of the

discovery conducted thus far will be equally applicable to the remaining state law claims. Therefore, the Court does not find that an award of attorney's fees or costs is appropriate in this case.

**B. Motion to Remand**

Plaintiffs ask that the remaining state law claims be remanded to state court, because "it has become clear that Plaintiffs lack the financial means to pursue or defend against further proceedings in this court." Pl.'s Mot. (Doc. 26) at ¶ 8. Plaintiffs urge that a remand to state court would result in "much less cumbersome and expensive procedures on motion for summary judgment," as well as a bench trial, rather than a jury trial. Id. at ¶ 11. Defendant objects to such a remand, and argues that this Court should retain jurisdiction, given the amount of time and resources that have been spent thus far. Def.'s Br. in Opp. (Doc. 29) at 6-9.

Once the claims giving rise to federal jurisdiction have been dismissed, a district court has discretion to remand an action to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). When exercising this discretion, courts should consider "principles of economy, convenience, fairness, and comity." Id. Further, a "district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." Id.; see also Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 233 (3d Cir. 1995) ("[A]n effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand.").

The Court of Appeals for the Third Circuit has upheld district courts' decisions to retain jurisdiction over a case, once the federal claims giving rise to jurisdiction have been dismissed. For example, in Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 276 (3d Cir. 2001), the Third Circuit examined whether the District Court abused its discretion in retaining jurisdiction over

state claims once the claims against the jurisdiction-conferring party were dismissed. The Third Circuit found that it "certainly [could not] conclude that [the decision to retain jurisdiction] was an abuse of discretion," since the District Court "had become fully familiar with the factual background and the positions of the parties." Id. Likewise, in Williams v. Newark Beth Israel Medical Center, 322 Fed. Appx. 111, 113 (3d Cir. 2009), the Third Circuit upheld a District Court's decision to retain jurisdiction over the plaintiff's state discrimination claims after the federal discrimination claims had been dismissed. The Third Circuit pointed to the reasons given by the District Court, including that it "had become familiar with the matter due to the time involved in the litigation and the Court's resolution of certain discovery issues," and that remanding the state claims to "start anew" would be "against the interests of judicial economy, fairness and convenience, and would invite the manipulation of the forum." Id.

Similarly, this case has been in federal court for a total of eighteen months. Over the course of those eighteen months, the parties have participated in a Local Rule 16.1 Scheduling Conference and court-ordered mediation. This Court has already overseen one substantive motion, namely, Defendant's Motion for Summary Judgment (Doc. 13). While the underlying issue in that Motion was the validity of an arbitration agreement, the Court, in resolving that motion, became familiar with the facts and issues involved in the case. The essence of the case, discrimination, has not changed simply because the two federal claims have been dismissed, and Plaintiffs offer no reason why this court is ill-equipped to preside over these remaining claims.[3] Moreover, the period for discovery has already passed, and the parties have already conducted depositions and served interrogatories and requests for production. A Settlement Conference will take place with this Court in approximately three weeks. Finally, Plaintiffs, through their

---

[3] In fact, Defendant has expressed its willingness to proceed to a bench trial in federal court, if Plaintiffs would seek to withdraw their jury demand. Def.'s Br. in Opp. at 2.

simultaneous motions to dismiss and remand, have clearly attempted to manipulate the forum. Taking all of these factors into consideration, the Court finds that retaining jurisdiction over the remaining claims would best serve the "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Carnegie-Mellon, 484 U.S. at 357.

**CONCLUSION**

In conclusion, the Court will grant Plaintiffs' Motion of Voluntary Dismissal, and will dismiss Counts II and IV of the Complaint with prejudice. The Court will not award Defendant with costs or attorney's fees, as a result of this dismissal. The Court will deny Plaintiffs' Motion for Remand, and will continue to exercise jurisdiction over Counts I and III.

## II. ORDER

For the reasons stated above, the Court orders that Plaintiffs' Motions to Dismiss Counts II and IV **(Docs. 28, 30)** are **GRANTED**. Counts II and IV of the Complaint are hereby **DISMISSED** with prejudice.

It is further ordered that Plaintiffs' Motion to Remand to State Court **(Doc. 26)** is **DENIED**. The Court will continue to exercise jurisdiction over Counts I and III.

IT IS SO ORDERED.

February 7, 2014                                  s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record